# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**STEPHANIE R. STOWERS,**
**Claimant Below, Petitioner**

**FILED**
July 15, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-0902** (BOR Appeal No. 2045244)
(Claim No. 2010125090)

**AMERICAN KIDNEY STONE MANAGEMENT, LTD,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephanie R. Stowers, by Lawrence B. Lowry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. American Kidney Stone Management, LTD, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 9, 2011, in which the Board affirmed the October 19, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 29, 2010, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Stowers was working for American Kidney Stone Management, LTD, as a lithotripsy technologist, when she injured her lower back on January 26, 2010, while manipulating the lithotripsy equipment. Ms. Stowers had previously injured her back in April of 2009 while working for the same employer, but under a different workers' compensation insurer. Ms. Stowers's January 26, 2010, injury was held compensable for a lumbar sprain. On June 29, 2010, nearly 22 weeks after the injury, the claims administrator denied trigger point injections, additional physical therapy and follow-up appointments with the neurosurgeon.

The Office of Judges affirmed the claims administrator's orders, finding that the preponderance of the evidence shows that trigger point injections, additional physical therapy

1

and follow-up appointments are not medically related or reasonably required for the treatment of the claimant's January 26, 2010, compensable injury. On appeal, Ms. Stowers argues that the medical evidence clearly establishes that a new injury occurred on January 26, 2010. American Kidney Stone Management, LTD, argues that the requested additional medical benefits exceed the Rule 20 Guidelines for a lumbar sprain and are therefore unreasonable.

West Virginia Code of State Rules § 85-20.37.5 provides that "the estimated duration of care for a lumbar sprain is 0 to 4 weeks; not to exceed 8 weeks." West Virginia Code of State Rules § 85-20.37.6 provides that "a diagnosis of sprain/strain exceeding this 8 week period requires detailed reevaluation…private carrier…may require an IME to verify the diagnosis and will authorize continued treatment/coverage in its sole discretion."

The Office of Judges found Dr. Mukkamala's IME opinion persuasive. Dr. Mukkamala found Ms. Stowers had reached maximum medical improvement with her continued pain being attributed to her previous injury and degenerative disc disease. In affirming the denial of trigger point injections, additional physical therapy and follow-up appointments, the Office of Judges noted that it would be unreasonable to attribute the claimant's ongoing need for treatment to the January 26, 2010, lumbar sprain after considering the seriousness of claimant's April of 2009 injury, the relatively mild nature of a lumbar sprain and the fact that claimant suffers from degenerative disc disease. The Board of Review reached the same reasoned conclusion in its decision of May 9, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 15, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II